**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION**

| | |
|---|---|
| KHALID ADNAN ABUBAKARI | ) Case No. SA CV 16-02205-FMO (AS) |
| Petitioner, | ) **ORDER DISMISSING PETITION** |
| v. | ) |
| JEH JOHNSON, Secretary of the Department of Homeland Security, et al., | ) |
| Respondents. | ) |

## I. INTRODUCTION

On December 15, 2016, Khalid Adnan Abubakari ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (Docket Entry No. 1). The Petition alleges that Petitioner, a citizen of Ghana, has been in the custody of the United States Immigration and Customs Enforcement ("ICE") under a removal order which became final on October 30, 2015, and that his prolonged and indefinite detention is in

violation of 8 U.S.C. § 1231 (as interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001)). (Petition at 2-9). Petitioner seeks release under reasonable conditions of supervision. (Petition at 7-9).

On February 21, 2017, Respondents filed an "Answer to Petition for Writ of Habeas Corpus; Notice of Federal Respondents that Petitioner has been Removed from the United States; Suggestion of Mootness" ("Motion to Dismiss") (Docket Entry No. 7), which the Court construes as a Motion to Dismiss (see Docket Entry No. 9). Respondents contend that the Petition is now moot because on or about February 14, 2017, Petitioner was removed from the United States. (See Motion to Dismiss at 1-2).

On April 5, 2017, Respondent filed a "Notice of Lodging Executed Warrant of Removal" (Docket Entry No. 8), attached to which as Exhibit "1" was (1) a Department of Homeland Security, U.S. Immigration and Customs Enforcement, Warrant of Removal/Deportation, dated February 19, 2016; (2) a page signed by two immigration officers reflecting that Petitioner was removed from the United States on or about February 14, 2017; and (3) a Department of Homeland Security, U.S. Immigration and Customs Enforcement, Warning to Alien Order Removed or Deported, dated February 13, 2017.

On April 6, 2017, the Court issued a Minute Order extending the time for Petitioner to file either an Opposition to the Motion to Dismiss or a Notice of Non-Opposition to the Motion to Dismiss (in the event Petitioner did not oppose the Motion to Dismiss) to April 16, 2017. (Docket Entry No. 9).

To date, Petitioner has not filed an Opposition to the Motion to Dismiss or a Notice of Non-Opposition to the Motion to Dismiss.

## II.   DISCUSSION

### A.   Dismissal is Warranted Because the Petition is Moot

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies." Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010)(citations omitted); see also Deakins v. Monaghan, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation omitted). When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding become moot. Calderon v. Moore, 518 U.S. 149, 150 (1996)(citation omitted); American Rivers v. National Marine Fisheries Service, 126 F.3d 1118, 1123 (9th Cir. 1997)("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.")(citation omitted); see also Murphy v. Hunt, 455 U.S. 478, 481 ("In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.")(citations and internal quotation marks omitted); Abdala v. I.N.S., 488 F.3d 1061, 1063 (9th Cir. 2007) ("To

maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'")(citation omitted). Since mootness is a jurisdictional bar, moot petitions should be dismissed. <u>Kittel</u>, 620 F.3d at 951-52; <u>Cole v. Oroville Union High Sch. Dist.</u>, 228 F.3d 1092, 1098 (9th Cir. 2000).

Since Petitioner has been released from immigration custody, it appears the Petition is moot. <u>See</u> <u>Abdala</u>, <u>supra</u>, 488 F.3d at 1065 ("Petitioner's release from detention . . . 'moot[ed] his challenge to the legality of his extended detention."); <u>Picrin-Peron v. Rison</u>, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide.").

There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." <u>Spencer</u>, 523 U.S. at 17. However, this exception is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow for full litigation before it ends, and (2) there is a reasonable expectation that the petitioner will be subjected to the challenged action again. <u>Id.</u>; <u>Alaska Ctr. For Env't v. U.S. Forest Serv.</u>, 189 F.3d 851, 854-55 (9th Cir. 1999); <u>Mitchell v. Dupnik</u>, 75 F.3d 517, 528 (9th Cir. 1996). Petitioner has "the burden of showing there is a reasonable expectation that [he] will once again be subjected to the challenged activity." <u>Lee v. Schmidt-Wenzel</u>, 766 F.2d 1387, 1390 (9th Cir. 1985)(citation

omitted).  "[W]hen the chance of repetition is remote and speculative, there is no jurisdiction."  Lee, supra (citation omitted).

Petitioner has not alleged or shown that the time spent in ICE detention pending removal proceedings (or a proceeding to determine the appropriateness of release under conditions of supervision) "is always so short as to evade review." Spencer, 523 U.S. at 18.  Moreover, Petitioner has not alleged or shown that there is a reasonable expectation he will be subjected to prolonged and indefinite detention again.

Thus, the Petition should be dismissed as moot.  See Masters v. Schitgen, 28 Fed.Appx. 712, 714 (9th Cir. 2002) ("Masters' claim that his INS detention was unconstitutional is now moot due to his deportation and release from INS detention."); Riley v. I.N.S., 310 F.3d 1253, 1257 (10th Cir. 2002) ("[B]ased on the record in front of us, we hold that Appellant's release from detention moots his challenge to the legality of his extended detention.").

///
///
///
///
///
///
///
///
///
///

**III. ORDER**

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 10, 2017

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:


_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE